FILED FOR RECORD
Roxanne Acosta-Hellberg
4/8/2025 4:52 PM
COUNTY CLERK
JEFFERSON COUNTY
25CCCV0249

25CCCV0249

CAUSE NO. _____

| | | |
|---|---|---|
| KAREN BEARD | § | IN THE COUNTY COURT AT LAW |
| | § | |
| VS. | § | NO. 1 |
| | § | |
| STATE FARM LLOYDS | § | JEFFERSON COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff, Karen Beard (hereinafter referred to as "Plaintiff") and files this her Plaintiff's Original Petition, complaining of Defendant, State Farm Lloyds, and for cause of action would show the following:

### I. Discovery Control Plan

1. Plaintiff intends to conduct Level 3 discovery under the Texas Rules of Civil Procedure 190. This case involves complex issues and will require extensive discovery. Therefore, Plaintiff asks the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit. Plaintiff affirmatively pleads that discovery will be conducted in accordance with the Scheduling Order signed by the Court.

### II. Rule 47 Statement of Jurisdiction, Relief Claimed and Monetary Damages

2. This is a claim arising from Defendant's violations of common-law and statutory duties in wrongfully denying and mishandling Plaintiff's claims for the recovery of losses caused by a weather event, even though her insurance policy with Defendant provided coverage for losses such as those suffered by Plaintiff. Defendant's conduct, as described throughout this petition, proximately caused Plaintiff's damages. Specifically, Plaintiff brings causes of action against the Defendant for Breach of Contract; Noncompliance with the Texas Insurance Code: Unfair

EB

Settlement Practices and Violation of the Prompt Payment of Claims; Breach of the Duty of Good Faith and Fair Dealing; Violation of the Texas Deceptive Trade Practices Act and Fraud.

3. The damages sought in this case are within the jurisdictional limits of this court.

4. Plaintiff recognizes that only the jury or judge who decide the case determine the appropriate damages in this or any other case. Plaintiff has retained lawyers for representation in this case. Plaintiff's legal counsel allege damages far in excess of the minimum jurisdiction of the Court and specifically reserve the right to plead the damages with particularity when the damages are more fully known to them. It is not possible for Plaintiff to plead the exact amount of her damages at this time, but they clearly exceed the minimum jurisdictional limits of this court. In order to comply with Rule 47, Plaintiff seeks monetary relief not more than two hundred fifty thousand dollars ($250,000.00). Further, Plaintiff seeks damages of any kind, penalties, costs, expenses, pre-judgment interest, post-judgment interest and attorney fees.

5. More specifically, Plaintiff seeks recovery for the following:

   a. For breach of contract, Plaintiff is entitled to regain the benefit of her bargain, which is the amount of her claim, together with attorney fees.

   b. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the Policy, mental anguish, court costs, and attorney's fees.

   c. Defendant acted knowingly and/or intentionally, which entitles Plaintiff to recover additional damages under the DTPA and Texas Insurance Code so that Plaintiff seeks to have her total actual damages trebled.

   d. For non-compliance with the Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of her claim, as well as ten (10) percent interest per annum of

the amount of such claim as damages, together with attorney's fees.

  e. For breach of common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from Defendant's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount Defendant owed, exemplary damages and damages for emotional distress.

  f. For fraud, Plaintiff is entitled to recover actual damages and exemplary damages for knowing fraudulent and malicious representations, along with attorney's fees, interest and court costs.

  g. For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorneys whose names are subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

  h. Plaintiff also seeks pre-judgment and post-judgment interest; and court costs.

### III. Parties

6. Plaintiff Karen Beard is a resident of Jefferson County, Texas.

7. Defendant State Farm Lloyds is a domestic insurance company engaged in the business of insurance in the State of Texas. This defendant may be served with process via personal service by serving its Registered Agent, CT Corporation System, 211 E 7th Street, Suite 620, Austin, Texas 78701-3218. **Service is requested.**

### IV. Jurisdiction and Venue

8. The court has jurisdiction over the cause because the amount in controversy is within the jurisdictional limits of the court.

9. The court has jurisdiction over the Defendant because it engages in the business of insurance in the State of Texas, and Plaintiff's causes of action arise out of the Defendant's business activities in Jefferson County, Texas.

10. Venue in this cause is proper in Jefferson County because the insured property is situated in Jefferson County, Texas. TEX. CIV. PRAC. & REM. CODE §15.032.

## V. Factual Background

11. Plaintiff is the owner of a Texas Homeowner's Insurance Policy (hereinafter referred to as "the Policy"), which was issued by State Farm Lloyds.

12. Plaintiff owns the insured property, which is specifically located at 4680 Lukfin Street, Beaumont, Jefferson, Texas 77703 (hereinafter referred to as "the Property").

13. Defendant State Farm Lloyds sold the Policy, insuring the Property, to Plaintiff.

14. On or about April 15, 2023, a weather event caused damage to homes and businesses throughout the Jefferson County area, including Plaintiff's residence. Plaintiff's property and home sustained substantial damages during this weather event.

15. Plaintiff submitted a claim to State Farm Lloyds against the policy for the damage to the Property sustained as a result of the aforementioned weather event.

16. Plaintiff asked that State Farm Lloyds cover the cost of repairs to the Property pursuant to the Policy. Plaintiff requested additional living expenses as well.

17. Defendant wrongfully denied Plaintiff's claim for repairs of the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiff. Furthermore, Defendant underpaid Plaintiff's claims by not providing full coverage for the damages sustained by the Plaintiff as well as under scoping the damages during their investigation. Additionally, State Farm Lloyds continues to delay in the payment of the damages to the property, including

the home. As such, Plaintiff has not been paid in full for the damages to her home.

18. Defendant failed to perform its contractual duty to adequately compensate Plaintiff under the terms of the Policy. Specifically, Defendant failed and refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiff. Defendant's conduct constitutes a breach of the insurance contract between Defendant and Plaintiff.

19. Defendant misrepresented to Plaintiff that damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendant's conduct constitutes a violation of Texas Insurance Code. TEX. INS. CODE §541.060(a)(1).

20. Defendant failed to make an attempt to settle Plaintiff's claim in a fair manner, although it was aware of its liability to Plaintiff under the Policy. Defendant's conduct constitutes a violation of the Texas Insurance Code. TEX. INS. CODE § 541.060 (a)(2)(A).

21. Defendant failed to explain to Plaintiff the reasons for their offer of an inadequate settlement. Specifically, Defendant failed to offer Plaintiff adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendant did not communicate that any future settlement or payment would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiff's claim. Defendant's conduct is a violation of the Texas Insurance Code. TEX. INS. CODE §541.060(a)(3).

22. Defendant failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendant. Defendant's conduct constitutes a violation of

the Texas Insurance Code. TEX. INS. CODE §541.060 (a)(4).

23. Defendant refused to fully compensate Plaintiff, under the terms of the Policy, even though Defendant failed to conduct a reasonable investigation. Specifically, Defendant performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses on the property. Defendant's conduct constitutes a violation of the Texas Insurance Code. TEX. INS. CODE § 541.060(a)(7).

24. Defendant failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim and requesting all information reasonably necessary to investigate Plaintiff's claim within the statutorily mandated time of receiving notice of Plaintiff's claim. Defendant's conduct constitutes violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

25. Defendant failed to accept or deny Plaintiff's full and entire claim within statutorily mandated time of receiving all necessary information. Defendant's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

26. Defendant failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, Defendant has delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff has not yet received full payment for her claim. Defendant's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

27. From and after the time Plaintiff's claim was presented to Defendant, the liability of Defendant to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Defendant has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied on to deny the full payment.

### Noncompliance with Texas Insurance Code § 541.151(1)
### Unfair Settlement Practices

35. Each and every allegation contained in the above Paragraphs is re-alleged as if fully stated herein.

36. Defendant's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

37. Defendant's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitute an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(1).

38. Defendant's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair and equitable settlement of claim, even though Defendant's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(2)(a).

39. Defendant's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(3).

40. Defendant's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(4).

41. Defendant's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(7).

### Noncompliance with Texas Insurance Code: Prompt Payment of Claims

42. Each and every allegation contained in the above Paragraphs is re-alleged as if fully stated herein.

43. Defendant's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX. INS. CODE §542.060.

44. Defendant's failure to acknowledge receipt of Plaintiff's claim, commence investigation of the claim, and request from Plaintiff all items, statements and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitute a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

45. Defendant's failure to notify Plaintiff in writing of its acceptance or rejection of the claim within the applicable time constraint constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.056.

46. Defendant's delay of the payment of Plaintiff's claim following its receipt of all items, statements and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of claim. TEX. INS. CODE §542.058.

### Breach of the Duty of Good Faith and Fair Dealing

47. Each and every allegation contained in the above Paragraphs is re-alleged as if fully

stated herein.

48. Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to an insured in insurance contracts.

49. Defendant's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, Defendant knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

### Texas Deceptive Trade Practices Act Violations

50. Each and every allegation contained in the above Paragraphs is re-alleged as if fully stated herein.

51. Violations of Section 17.46(b) of the Texas Business and Commerce Code (Texas Deceptive Trade Practices Act) also give rise to claims under Chapter 541 of the Texas Insurance Code.

52. Defendant has engaged in violations of Section 17.46(b) of the Texas Deceptive Trade Practices Act, including representing that an agreement confers or involves rights, remedies or obligations that it does not.

### Fraud

53. Each and every allegation contained in the above Paragraphs is re-alleged as if fully stated herein.

54. Defendant is liable to Plaintiff for common law fraud.

55. Each and every one of the representations, as described above, concerned material facts for the reason Plaintiff would not have acted and which Defendant knew was false or made recklessly without any knowledge of its truth as a positive assertion.

56. The statements were made with the intention that they should be acted upon by Plaintiff, who in turn acted in reliance upon the statements, thereby causing Plaintiff to suffer injury and constituting common law fraud.

## VII. Knowledge

57. Each of the acts described above, together and singularly, was done "knowingly" as that term is used in the Texas Insurance Code and were a producing cause of Plaintiff's damages described herein.

## VIII. Damages

58. Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

59. As previously mentioned, the damages caused by the weather event at her home severely damaged Plaintiff's residence and personal property within her home. These damages have not been properly addressed in the months since the weather event causing undue hardship and burden on the Plaintiff. These damages are a direct result of Defendant's mishandling of Plaintiff's claim in violation of the laws set forth above.

60. For breach of contract, Plaintiff is entitled to regain the benefit of her bargain, which is the amount of her claim, together with attorney fees.

61. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the Policy, mental anguish, court costs, and attorney's fees. For knowing conduct of the acts complained of, Plaintiff asks for three (3) times her actual damages. TEX. INS. CODE §541.152.

62. For non-compliance with the Texas Insurance Code, Prompt Payment of Claims, Plaintiff

is entitled to the amount of her claim, as well as eighteen (18) percent interest per annum of the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

63. For breach of common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from Defendant's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount Defendant's owed, exemplary damages and damages for emotional distress.

64. For fraud, Plaintiff is entitled to recover actual damages and exemplary damages for knowing fraudulent and malicious representations, along with attorney's fees, interest and court costs.

65. For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorneys whose names are subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## IX. Conditions Precedent

66. All conditions precedent to recovery have been performed or met regarding this claim.

## IX. Alternative Pleadings

67. All pleadings are in the alternative.

## X. Incorporation of Allegations

68. All allegations made herein are incorporated into every other titled allegation.

## XI. Jury Demand

69. Plaintiff hereby requests that all causes of action alleged herein be tried before a jury consisting of citizens residing in Jefferson County, Texas. Plaintiff is tendering the appropriate

jury fee.

## XII. Prayer

70. WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein, and that upon trial hereof, said Plaintiff has and recover such sum as would reasonably and justly compensate them in accordance with the rules of law and procedure, both as to actual damages, treble damages under the Texas Insurance Code, and all punitive and exemplary damages as may be found. In addition, Plaintiff requests the award of attorney's fees for the trial and appeal of this case, for all costs of Court in her behalf expended, for prejudgment and post-judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which she may show herself to be justly entitled.

Respectfully Submitted,
RENICK LAW FIRM, PLLC

_____
Scott Renick
State Bar No. 24004885
1420 Wellington Circle
Beaumont, TX 77706
Tel: 409.895.0145
Fax: 409.895.0080
scott@renickfirm.com

Attorney for Plaintiff,
Karen Beard

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Kerri Citizen on behalf of Scott Renick
Bar No. 24004885
kerri@renickfirm.com
Envelope ID: 99431094
Filing Code Description: Petition
Filing Description:
Status as of 4/8/2025 4:59 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
| --- | --- | --- | --- | --- |
| Kerri Citizen | | kerri@renickfirm.com | 4/8/2025 4:52:25 PM | NOT SENT |
| Kaitlyn Cahill | | kaitie@renickfirm.com | 4/8/2025 4:52:25 PM | NOT SENT |
| Scott Renick | | scott@renickfirm.com | 4/8/2025 4:52:25 PM | NOT SENT |