Case 1:25-cv-00229-MAC-CLS  Document 3  Filed 05/16/25  Page 1 of 6 PageID #: 52

FILED FOR RECORD
Roxanne Acosta-Hellberg
5/12/2025 8:15 AM
COUNTY CLERK
JEFFERSON COUNTY
25CCCV0249

CAUSE NO. 25CCCV0249

| | | |
|---|---|---|
| **KAREN BEARD** | § | IN THE COUNTY COURT AT LAW |
| | § | |
| **VS.** | § | NO. 1 |
| | § | |
| **STATE FARM LLOYDS** | § | JEFFERSON COUNTY, TEXAS |

### DEFENDANT STATE FARM LLOYDS' ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant, STATE FARM LLOYDS (hereinafter, "State Farm"), files its Original Answer to the allegations contained in Plaintiff's Petition, and all subsequent amended or supplemental petitions filed against it and would show as follows:

### I.
### GENERAL DENIAL

1. State Farm generally denies all of the material allegations contained in Plaintiff's Original Petition, and any amendments thereto, and demands strict proof thereof as allowed under the laws of the State of Texas. By this general denial, State Farm requires Plaintiff to prove every fact to support the claims in Plaintiff's Original Petition, and any amendments thereto, by a preponderance of the evidence.

### II.
### DEFENSES

2. **Policy Coverage Provisions.** Under the Insuring Agreement, Plaintiff bears the burden to prove damage resulting from an occurrence of accidental direct physical loss to the insured property arising from the reported loss. Plaintiff lacks proof that any additional damages resulted from any accidental direct physical loss arising from the reported loss.

3. **Payment.** State Farm is entitled to an offset or credit against Plaintiff's damages, if any, in the amount of all payments State Farm has made to or on behalf of Plaintiff under the

AJ

Policy in connection with the damages and the insurance claim that give rise to Plaintiff's claims in this lawsuit.

4.   **Deductible/Offset.**  State Farm is entitled to an offset or credit against Plaintiff's damages, if any, in the amount of Plaintiff's deductible.

5.   **Limit of Liability.**  State Farm's liability, if any, is limited to the amount of the Policy limits under the subject Policy, pursuant to the "Limit of Liability" shown on the Policy declarations and in other clauses contained in the Policy sued upon.

6.   **Failure of Policy Considerations/Conditions Precedent.**  State Farm hereby asserts all conditions of the Policy at issue including but not limited to all terms, deductibles, limitations, exclusions, and all "duties after loss," including, but not limited to, mitigation of further damages.

7.   **Bona Fide/Legitimate Dispute.**  A bona fide and legitimate dispute exists precluding Plaintiff's recovery of damages under extra-contractual theories including the common law duty of good faith and fair dealing, and for violations of the Texas Insurance Code or any other statutory or common law authority.

8.   **No Waiver.**  Plaintiff's claims are barred, in whole or in part, because State Farm did not waive any of its rights under the Policy. The Policy states: "A waiver or change of any provision of this policy must be in writing by [State Farm] to be valid." State Farm made no such waiver in this case.

9.   **Cap on Punitive Damages.**  Texas Civil Practice and Remedies Code §41.001, *et. seq.*, applies and punitive damages awarded, if any, are subject to the statutory limit set forth therein, other applicable statutory authority, and common law. Further, unless Plaintiff proves State Farm's liability for punitive damages, and the amount of punitive damages, if any, by clear

and convincing evidence, any award of punitive damages would violate State Farm's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article 1 of the Texas Constitution.

**10.    Written Notice of Claim.**  State Farm specifically denies that Plaintiff provided it with proper "notice of claim" pursuant to §§ 542.051(4) and 542.055(a) of the Texas Insurance Code. The statute specifically states "'[n]otice of a claim' means any written notification provided by a claimant to an insurer that reasonably apprises the insurer of the facts relating to the claim." TEX. INS. CODE § 542.051(4). Because proper written notification was not provided by Plaintiff, she is barred from recovering under Chapter 542 of the Texas Insurance Code. State Farm also specifically denies that the Policy obligated State Farm to inform Plaintiff that written notice of the claim was required, and State Farm specifically denies that it was under any duty to provide notice regarding the applicability of Chapters 541 or 542 of the Texas Insurance Code.

**11.    Chapter 542A.**  State Farm asserts the limitations on the recovery of attorneys' fees, if any, as per TEX. INS. CODE § 542A.007. Plaintiff failed to provide State Farm Lloyds with the proper written notice required by Section 542A of the Texas Insurance Code.  Specifically, in accordance with Section 542A.007(d), State Farm Lloyds was entitled to, but not given a pre-suit notice stating the specific amount it allegedly owed under Section 542A.003(b)(2) at least 61 days before the date that Plaintiff filed suit; as such, Plaintiff may not be awarded any attorney's fees incurred after May 12, 2025, the date State Farm Lloyds filed its pleading alerting the Court and the parties to Plaintiff's failure to provide the requisite pre-suit notice, which was a date not later than the 30th day after the date State Farm Lloyds filed its original answer.

State Farm Lloyds pleads the limitations on Plaintiff's possible recovery of attorney's fees as set forth in Sections 542A of the Texas Insurance Code and, in particular, that Plaintiff not be

awarded any attorney's fees under Section 542A.007(c), should it apply, or, alternatively, that any award of attorney's fees to Plaintiff be limited to the lesser of the amounts set forth in Section 542A.007(a)(1), (2), or (3) should Section 542A.007(c) not apply. State Farm Lloyds further pleads all other limitations on Plaintiff's possible recovery of attorney's fees set forth elsewhere in Section 542A of the Texas Insurance Code.

## III.
## RIGHT TO AMEND

12.     State Farm reserves the right to amend this Original Answer pursuant to the Texas Rules of Civil Procedure.

**WHEREFORE, PREMISES CONSIDERED**, Defendant, STATE FARM LLOYDS, respectfully requests that upon final trial and hearing hereof, that Plaintiff take nothing and that Defendant recover its costs, fees, and expenses, and for such other further relief to which Defendant may show itself to be justly entitled, both in law and at equity.

Respectfully submitted,

**GERMER PLLC**

By: */s/ Dale M. "Rett" Holidy*

**DALE M. "RETT" HOLIDY**
State Bar No. 00792937
holidyefile@germer.com
America Tower
2929 Allen Parkway, Suite 2900
Houston, Texas 77019
(713) 650-1313 – Telephone
(713) 739-7420 – Facsimile
**NADINE ONA**
State Bar No. 24100493
nona@germer.com
550 Fannin, Suite 400
Beaumont, Texas 77701
(409) 654-6700 – Telephone
(409) 835-2115 – Facsimile

**ATTORNEYS FOR DEFENDANT,
STATE FARM LLOYDS**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been served on all counsel of record on this 12th day of May, 2025.

Scott Renick                                                                                                **VIA E-FILE**
RENICK LAW FIRM, PLLC
1420 Wellington Circle
Beaumont, Texas 77706
scott@renickfirm.com

*/s/ Dale M. "Rett" Holidy*

  **DALE M. "RETT" HOLIDY**

5

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 100691913
Filing Code Description: Answer/Response
Filing Description: Answer
Status as of 5/12/2025 10:02 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Scott Renick | | scott@renickfirm.com | 5/12/2025 8:15:44 AM | SENT |
| Kerri Citizen | | kerri@renickfirm.com | 5/12/2025 8:15:44 AM | SENT |
| Kaitlyn Cahill | | kaitie@renickfirm.com | 5/12/2025 8:15:44 AM | SENT |

Associated Case Party: State Farm Lloyds

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Nadine Ona | | nadineo@germer.com | 5/12/2025 8:15:44 AM | SENT |
| Gaylyn Denson | | gdenson@germer.com | 5/12/2025 8:15:44 AM | SENT |
| Breanna Poole | | bpoole@germer.com | 5/12/2025 8:15:44 AM | SENT |